UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 13-cr-306 (DWF/LIB) (7) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Katina Meropi Stamat (7), | |
| Defendant. | |

This matter comes before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. § 636 and Local Rule 72.1, upon Defendant Katina Meropi Stamat's ("Defendant") Motion to Suppress Evidence. [Docket No. 323]. The Court held a Motions Hearing on October 7, 2020, regarding the parties' pretrial motions.[1]

At the Motions Hearing, the parties requested, and were granted, the opportunity to submit supplemental briefing. Upon the completion of that briefing, Defendant's Motion to Suppress Evidence, [Docket No. 323], was taken under advisement.

For reasons discussed herein, the Court recommends that Defendant's Motion to Suppress Evidence, [Docket No. 323], be **DENIED**.

I.   **Background and Statement of Facts**

A.   **Background**

Defendant is charged with one count of conspiracy in violation of 18 U.S.C. §§ 1029(a)(1) and 1029(b)(2); four counts of access device fraud in violation of 18 U.S.C. §§ 2,

---

[1] The Court addressed the parties' pretrial motions for discovery and production of evidence by separate Order. [Docket No. 350].

1029(a)(1), 1029(b)(1), and 1029(c)(1)(A); and four counts of aggravated identity theft in violation of 18 U.S.C. §§ 2 and 1028A. (Superseding Indictment [Docket No. 90]).

### B. Facts[2]

The record now before the Court demonstrates that on November 1, 2013, the United States Attorney General's Office, on behalf of law enforcement officers, submitted an "Application of the United States for an Order Pursuant to 18 U.S.C. § 2703(d)" seeking an Order of the Court requiring Verizon Wireless "to disclose certain records and other information pertaining to the telephone device using the number, 218-235-3362 . . . ." (Gov't's Ex. 1 [Docket No. 349-1]). On November 1, 2013, the United States Attorney General's Office also submitted an "Application of the United States for an Order Pursuant to 18 U.S.C. § 2703(d)" seeking an Order of the Court requiring T-Mobile "to disclose certain records and other information pertaining to the telephone device using the number, 954-918-0828 . . . ." (Gov't's Ex. 2 [Docket No. 349-2]).

The § 2703(d) Applications each provided that the subject telephone number had been used to communicate in connection with the crimes alleged in the Superseding Indictment. (See, Gov't's Ex. 1 [Docket No. 349-1]; Gov't's Ex. 2 [Docket No. 349-2]). The Applications also indicated that Defendant had provided the 218-235-3362 telephone number on a September 6, 2013, car rental agreement,[3] and she also provided the 954-918-0828 telephone number on an

---

[2] The facts contained in this section are derived from the Government's Exhibit 1 and Government's Exhibit 2 which are the § 2703(d) Orders with which Defendant takes issue. Pursuant to a colloquy with the Court at the Motions Hearings, the Government submitted its Exhibits with its written memorandum. (Gov't's Ex. 1 [Docket No. 349-1]; Gov't's Ex. 2 [Docket No. 349-2]). Defendant did not object to the Government submitting its Exhibits in this manner.

[3] In the § 2703(d) Application regarding the 218-235-3362 telephone number the text actually reads that Defendant provided the telephone number "218-225-3362" on a car rental application; however, this appears to be a mere typographical error. (See, Gov't's Ex. 1, [Docket No. 349-1], at 7). The § 2703(d) Application provides the correct phone number several times, and the correct 218-235-3362 telephone number is the number listed in the Order approving said Application. (See, Id.). It is also ostensibly possible that the text of the § 2703(d) Application is correct, and Defendant provided an incorrect number on the car rental agreement. The parties do not provide any

August 16, 2013, car rental agreement. (See, Gov't's Ex. 1 [Docket No. 349-1]; Gov't's Ex. 2 [Docket No. 349-2]).

On November 1, 2013, two separate § 2703(d) Orders approving the two "Application[s] of the United States for an Order Pursuant to 18 U.S.C. § 2703(d)" were issued by the Court. (See, Gov't's Ex. 1, [Docket No. 349-1], at 12; Gov't's Ex. 2, [Docket No. 349-2], at 12). The § 2703(d) Orders each separately found that the United States had provided "specific and articulable facts showing that there [were] reasonable grounds to believe that the records or other information sought [were] relevant and material to [a then] ongoing criminal investigation." (Gov't's Ex. 1, [Docket No. 349-1], at 11; Gov't's Ex. 2, [Docket No. 349-2], at 11). On that basis and "pursuant to 18 U.S.C. § 2703(d)," the Court ordered Verizon Wireless to disclose the requested information to the United States relative to the 218-235-3362 telephone number, (Gov't's Ex. 1, [Docket No. 349-1], at 11–15), and the Court likewise ordered T-Mobile to disclose the requested information to the United States relative to the 954-918-0828 telephone number. (Gov't's Ex. 2, [Docket No. 349-2], at 11–15).

Thereafter, law enforcement officers executed the two § 2703(d) Orders authorizing the "Application[s] of the United States for an Order Pursuant to 18 U.S.C. § 2703(d)." The record now before the Court does not establish the exact date the Orders were executed; however, the parties both agree that the Orders were executed prior to June 22, 2018. (See, Gov't's Mem. [Docket No. 349]; Def.'s Mem. [Docket No. 351]).

On January 12, 2014, the Superseding Indictment was filed in the present case adding Defendant to the counts alleged therein. (Superseding Indictment [Docket No. 90]). A warrant authorizing Defendant's arrest was then issued; however, Defendant was not arrested until June

---

basis upon which the Court can resolve this issue. The Court need not, however, resolve this issue as the Court's reasoning and conclusion would be the same regardless of whether or not the number is a typographical error or an incorrect number provided by Defendant on the car rental agreement.

2020, when she was arrested in an unrelated matter in New Jersey. Defendant made her initial appearance in this Court on July 2, 2020. [Docket No. 306].

## II.     Defendant's Motion to Suppress Evidence. [Docket No. 323].

Defendant moves the Court for an Order suppressing any evidence obtained as a result of the execution of the two November 1, 2013, § 2703(d) Orders related to the 954-918-0828 telephone number and the 218-235-3362 telephone number. (Def.'s Mot. [Docket No. 323]). At the October 7, 2020, Motions Hearing, Defendant's counsel acknowledged that Defendant's sole argument was that the two November 1, 2013, § 2703(d) Orders at issue failed to comply with the standard espoused by the United States Supreme Court in Carpenter v. United States, 138 S.Ct. 2206 (2018). Defendant's counsel agreed that if the Court were to find that the effects of Carpenter were not retroactive, then Defendant's Motion to Suppress Evidence, [Docket No. 323], should be denied. Despite this affirmative assertions at the October 7, 2020, Motions Hearing, Defendant's memorandum in support of the present Motion nevertheless argues that the Motion should be granted because the § 2703(d) Orders failed to comply with Carpenter *and* "because the applications lacked reasonable grounds to believe that the information sought is relevant and material to the investigation . . . ." (Def.'s Mem., [Docket No. 351], at 1, 6–7).[4]

The Fourth Amendment guarantees the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. Amend. IV. "[S]earches conducted outside the judicial process, without prior approval by judge or magistrate, are per se unreasonable under the Fourth Amendment—subject only to a few specifically established and well-delineated exceptions." United States v. Davis, 569 F.3d 813, 816 (8th Cir. 2009) (citing Katz v. United States, 389 U.S. 347, 357 (1967)).

---

[4] The Court need not reach the issue of the propriety of this untimely argument because, for the reasons discussed herein, all of Defendant's arguments are precluded by the Eighth Circuit Court of Appeals recent decision in United States v. Reed, 978 F.3d 538 (8th Cir. 2020).

"Before Carpenter, under the third-party doctrine, an individual had 'no legitimate expectation of privacy in information [s]he voluntarily turn[ed] over to third parties" such as telephone service providers "regardless of whether [s]he assumed the information would 'be used only for a limited purpose,'" and "the Government [was] typically free to obtain such information from the recipient without triggering Fourth Amendment protections." Reed, 978 F.3d at 541. Therefore, prior to the issuance of Carpenter, Courts had held that for an Order to be issued authorizing the acquisition of historical cell site location information, the Stored Communications Act required only an application containing a certification that the information to be gained through the cell site historical location data was relevant and material to an ongoing investigation. See, Carpenter, 138 S.Ct. 2206. Such applications were not typically accompanied by any sworn affidavits. See, Id.

The Carpenter Court recently found such minimal applications to be insufficient under the Fourth Amendment because they lacked a showing of probable cause or even a requirement that probable cause be demonstrated. See, Id. In Carpenter, the Supreme Court held that a person has a legitimate expectation of privacy in regard to her historical cell site location information, that review of the historical cell site location information by law enforcement constitutes a search under the Fourth Amendment, and that the government must obtain a search warrant based on probable cause before it can permissibly acquire historical cell site location information. Carpenter, 138 S.Ct. 2206. However, the Carpenter Court did not offer any indication on the retroactive applicability of Carpenter to previously issued § 2703(d) Orders authorizing the acquisition of historical cell site location information pursuant to only the relevant and material to an ongoing investigation standard of the Stored Communications Act.

5

On October 14, 2020, the Eighth Circuit Court of Appeals issued a decision settling the issue in this Circuit as to whether or not Carpenter was retroactively applicable to pre-Carpenter § 2703(d) Orders authorizing the acquisition of historical cell site location information pursuant to the Stored Communications Act. United States v. Reed, 978 F.3d 538 (8th Cir. 2020). As discussed in more detail below, the Eighth Circuit Court of Appeals held that the holding of Carpenter was not retroactively applicable to § 2703(d) Orders issued before the Carpenter decision. See, Id.

Specifically, the Reed Court found that evidence obtained from the execution a pre-Carpenter § 2703(d) Order authorizing the acquisition of historical cell site location information pursuant to the Stored Communications Act should not be suppressed because law enforcement officers' reliance upon the Stored Communications Act was reasonable prior to Carpenter. United States v. Reed, 978 F.3d 538, 541–42 (8th Cir. 2020). Because the reliance on the Stored Communications Act was reasonable, law enforcement officers "cannot be expected to question the judgment of the legislature that passed the law." Reed, 978 F.3d at 541 (quoting Illinois v. Krull, 480 U.S. 340, 349–50 (1987)).

The Reed Court held that when law enforcement officers obtained pre-Carpenter § 2703(d) Orders authorizing the acquisition of historical cell site location information pursuant to the Stored Communications Act, "they reasonably believed that [a defendant] lacked a legitimate expectation of privacy in" her cell site location information "because of the third party doctrine . . . ." Reed, 978 F.3d at 542. When law enforcement "officers follow the Act's procedures and the magistrate found they comported with the statutory requirements," a defendant cannot show that "the officers were on notice" that the Act was unconstitutional or that the officers "acted in bad faith." Id.

The Eighth Circuit Court of Appeals holding in <u>Reed</u> entirely precludes the relief sought by Defendant in the present case. In fact, as noted above, Defendant's counsel acknowledged at the October 7, 2020, Motions Hearing that if <u>Carpenter</u> were found <u>not</u> to be retroactive, then Defendant's Motion to Suppress should be denied.

As the <u>Reed</u> Court noted, the exclusionary rule is "a deterrent sanction that bars the prosecution from introducing evidence obtained by way of a Fourth Amendment violation"; however, "[a] search in violation of the of the Fourth Amendment does not necessarily mean that the exclusionary rule applies." <u>Reed</u>, 978 F.3d at 541 (internal citation and quotation marks omitted). If law enforcement officers rely on a statute to obtain evidence and said reliance was reasonable, then the evidence should not be suppressed. <u>Id.</u> (citing <u>Illinois v. Krull</u>, 480 U.S. 340, 349–50 (1987)). The Eighth Circuit Court of Appeals has now determined that law enforcement officers' reliance on § 2703(d) of the Stored Communications Act was objectively reasonable prior to the United States Supreme Court's issuance of <u>Carpenter</u> on June 22, 2018. <u>Reed</u>, 978 F.3d at 541–42.

In the present case, Defendant argues that all evidence obtained through the execution of the November 1, 2013, § 2703(d) Orders should be suppressed because the November 1, 2013, § 2703(d) Applications and the November 1, 2013, § 2703(d) Orders, failed to satisfy the probable cause requirements of <u>Carpenter</u>. However, controlling Eighth Circuit precedent provides that the November 1, 2013, § 2703(d) Orders were <u>not</u> required to comply with the later issued <u>Carpenter</u> decision. <u>See</u>, <u>Reed</u>, 978 F.3d at 541–42.

Defendant conclusorily asserts that <u>Reed</u> "does not apply here"; however, Defendant fails to offer any argument distinguishing <u>Reed</u> from the present case. (<u>See</u>, Def.'s Mem., [Docket No. 351], at 4). While Defendant proffers several perceived deficiencies in the content of the

7

applications, Defendant ignores the controlling precedent established by Reed which now provides that prior to Carpenter a defendant had no legitimate expectation of privacy in the cell site location information pursuant to the third-party doctrine. Reed, 978 F.3d at 342.

Defendant's argument also appears to be based on an assertion of a lack of good faith by law enforcement. Defendant argues that the good faith exception cannot apply to the present case because the Government "failed to connect the telephone numbers with *any* evidence in the applications." (Def.'s Mem., [Docket No. 351], at 4) (emphasis in original). Defendant's argument here ostensibly appears like an argument that the November 1, 2013, § 2703(d) Applications lacked probable cause. (See, Def.'s Mem., [Docket No. 351], at 4–6). However, the November 1, 2013, § 2703(d) Applications are not required to establish probable cause prior to the issuance of the Carpenter decision. Reed, 978 F.3d at 341–42.

Defendant's argument that the November 1, 2013, § 2703(d) Applications lacked "reasonable grounds to believe that the records sought were relevant and material to the ongoing investigation" (Def.'s Mem., [Docket No. 351], at 6]), is also less than persuasive. Although Defendant generally recites the § 2703(d) standard, Defendant's argument fails to focus on whether or not reasonable grounds existed to believe that the requested information was relevant and material to an ongoing investigation; instead, Defendant focuses on the inapposite question of whether or not reasonable grounds existed to believe that the information sought was relevant to an ongoing investigation of Defendant. For example, Defendant argues that the November 1, 2013, § 2703(d) Application for the 218-235-3362 telephone number is insufficient because it lacks "any justification as to why the 235 Phone should be subject to surveillance when it was the 225 Phone that was listed on the rental agreement" completed by Defendant. (Def.'s Mem., [Docket No. 351], at 5). Defendant's argument ignores the fact that the November 1, 2013, §

8

2703(d) Application for the 218-235-3362 telephone number specifically asserted that a search of phones seized from other individuals involved in the criminal conduct underlying the alleged conspiracy "revealed" that on the date of the alleged conduct underlying the present Superseding Indictment September 7, 2013, "multiple text message" were exchanged between [one of the seized phones] and 218-235-3362." (Gov't's Ex. 1, [Docket No. 349-1], at 8). This seized phone was found in the vehicle where five individuals were arrested after being captured on video engaging in the conduct underlying the present Superseding Indictment. (See, Id.). Moreover, the November 1, 2013, § 2703(d) Application for the 218-235-3362 telephone number specifically asserts that the location information regarding this phone number could be used "to assists in placing the suspects at certain locations at certain times" due to communications between the 218-235-3362 number and a phone seized from the individuals who had already been detained. (See, Id.).

As the Court determined at the time it signed the § 2703(d) Order, the November 1, 2013, § 2703(d) Application for the 218-235-3362 telephone number provides specific and articulable facts demonstrating that there were reasonable grounds to believe that the records and other requested information sought were relevant and material to a then-ongoing criminal investigation.

Defendant's argument regarding the November 1, 2013, § 2703(d) Application for the 954-918-0828 telephone number is equally unpersuasive. Defendant argues that although said Application asserts that the 954-918-0828 was provided on a car rental agreement, the "Government fails to connect that number or the rental agreement to any purported criminal activity from August 16 to August 25, 2013." (Def.'s Mem., [Docket No. 351], at 5). Here again, Defendant's argument ignores relevant portions of the § 2703(d) Application.

For example, the November 1, 2013, § 2703(d) Application for the 954-918-0828 telephone number asserts that Defendant provided that 954-918-0828 telephone number to a car rental company as her phone number; that "detailed documents found in the white van," where the other involved individuals where arrested, indicate that "it is likely that [Defendant] traveled to Minnesota approximately two weeks prior to the casino 'heists' in order to conduct surveillance of the casinos"; and that "information regarding cell tower locations of 954-918-0828 from August 10, 2013, through September 14, 2013," would "assist in placing the suspects at certain locations at certain times." (Gov't's Ex. 2, [Docket No. 349-2], at 8).

As the Court determined at the time it signed the Order, the November 1, 2013, § 2703(d) Application for the 954-918-0828 telephone number contains specific and articulable facts demonstrating that there were reasonable grounds to believe that the records and other requested information sought were relevant and material to a then-ongoing criminal investigation.

Moreover, even assuming solely for the sake of argument that the November 1, 2013, § 2703(d) Applications lacked sufficient factual support as required by the Stored Communications Act, the undersigned would still recommend that Defendant's Motion be denied because prior to Carpenter, such a failing would not warrant suppression. The Stored Communications Act simply does not provide for suppression as a remedy for a violation thereof, and before Carpenter, Courts overwhelmingly held that a violation of the Stored Communications Act did not warrant suppression. See, e.g., United States v. Powell, 444 F. App'x 517, 520 (3d Cir. 2011) (noting that, even if the defendant had demonstrated that the government had failed to provide "specific and articulable facts" under 18 U.S.C. § 2703(d), the Stored Communications Act "affords no suppression remedy for non-constitutional violations" and so "exclusion would not be the appropriate remedy"); United States v. Jones, 908 F. Supp. 2d 203, 209 (D.D.C. 2012);

10

United States v. Guerrero, 768 F.3d 351, 358 (5th Cir. 2014) ("suppression is not a remedy for a violation of the Stored Communications Act"); United States v. Smith, No. 5-cv-282 (MJD/JJG), 2006 WL 8438323, at *9 (D. Minn. Aug. 2, 2006) ("violation of the Act does not warrant suppression"); United States v. Gasperini, 894 F.3d 482, 488 (2d Cir. 2018) ("suppression of evidence is not a remedy available for violation of the SCA"); United States v. Powell, 444 F. App'x 517, 520 (3d Cir. 2011) ("The Stored Communications Act . . . affords no suppression remedy for non-constitutional violations"). Defendant fails to highlight any Court which has suppressed evidence in a criminal proceeding based solely on the Government's failing to comply with the Stored Communications Act.

Therefore, the undersigned recommends that Defendant's Motion to Suppress Evidence, [Docket No. 323], be **DENIED**.

### III. Conclusion

Therefore, based on the foregoing and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT** Defendant's Motion to Suppress Evidence, [Docket No. 323], be **DENIED**.

Dated: November 20, 2020                               s/Leo I. Brisbois
                                                      Hon. Leo I. Brisbois
                                                      U.S. MAGISTRATE JUDGE

### N O T I C E

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "A party may file and serve specific written objections to a magistrate judge's proposed findings and recommendation within 14 days after being served with a copy of the recommended disposition[.]" A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.