UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

Plaintiff,

v.

Katina Meropi Stamat,

Defendant.

Criminal No. 13-306(7) (DWF/LIB)

ORDER ADOPTING REPORT
AND RECOMMENDATION

This matter is before the Court upon Defendant Katina Meropi Stamat's ("Defendant") objections (Doc. No. 358) to Magistrate Judge Leo I. Brisbois' November 20, 2020 Report and Recommendation (Doc. No. 357) insofar as it recommends that Defendant's Motion to Suppress Evidence (Doc. No. 323) be denied.

The Court has conducted a *de novo* review of the record, including a review of the arguments and submissions of counsel, pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.2(b).  The factual background for the above-entitled matter is clearly and precisely set forth in the Report and Recommendation and is incorporated by reference for purposes of Defendant's objections.

In the Report and Recommendation, the Magistrate Judge considered Defendant's motion to suppress any evidence obtained as a result of the execution of two § 2703(d) Orders for cell site location information ("CSLI") related to two telephone numbers.  In particular, the Magistrate Judge considered Defendant's argument that the § 2703(d) Orders failed to comply with the standard set forth in *Carpenter v. United States*, 138 S.

Ct. 2206 (2018) and that the applications lacked reasonable grounds to believe that the information sought is relevant and material to the relevant investigation. The Magistrate Judge explained that in *Carpenter*, the Supreme Court held that a person has a legitimate expectation of privacy in regard to her historical cell site location information, that the review of the historical cell site location information constitutes a search under the Fourth Amendment, and that the government must obtain a search warrant based on probable cause before it can permissibly acquire such information. (Doc. No. 357 (citing *Carpenter*, 138 S. Ct. at 2206).) The Magistrate Judge also explained that, before *Carpenter*, Courts had held an application containing a certification that the information to be gained through the cell site historical location data was relevant and material to an ongoing investigation was sufficient. (*Id*.) The Magistrate Judge further explained that the Eighth Circuit later held that the holding of *Carpenter* was not retroactively applicable to § 2703(d) Orders that were issued before the *Carpenter* decision. *United States v. Reed*, 978 F.3d 538, 541-42 (8th Cir. 2020).

After considering Defendant's arguments and the relevant law, the Magistrate Judge concluded that the Eighth Circuit's holding in *Reed* "entirely precludes the relief sought by Defendant in the present case." (Doc. No. 357 at 7.) The Magistrate Judge also pointed out that Defendant's counsel acknowledged that if *Carpenter* were found not be retroactive, Defendant's motion to suppress should be denied. Even so, the Magistrate Judge considered Defendant's arguments, but ultimately concluded that the applications for the § 2703(d) Orders provide "specific and articulable facts demonstrating that there were reasonable grounds to believe that the records and other requested information

sought were relevant and material to a then-ongoing criminal investigation." (*Id*. at 10.) Accordingly, the Magistrate Judge recommended that the motion to suppress be denied.

Defendant now objects to the Report and Recommendation. Defendant argues that the Magistrate Judge erred in concluding that Defendant offered no authority supporting her argument that *Carpenter* should be applied retroactively here, erred in applying the good faith exception to find that the government objectively reasonably relied on the § 2703(d) Orders, and erred in relying on cases that are no longer valid in light of *Carpenter*. Defendant asks that the Court sustain her objections and grant her motion to suppress.

The Court has carefully reviewed Defendant's objections and the arguments in response *de novo*. After that review, the Court finds no reason to depart from the Magistrate Judge's recommendations, which are both factually and legally correct. In particular, the Magistrate Judge correctly found that *Reed* precludes suppression of the §2703(d) Orders and the resulting evidence.

The Magistrate Judge explained that the CSLI should not be suppressed because the law enforcement officers reasonably relied on a subsequently invalidated statute. In addition, the Magistrate Judge correctly noted that the applications provided reasonable grounds for issuance of a § 2703(d) Order prior to *Carpenter*. Accordingly, the Magistrate Judge properly denied Defendant's motion to suppress. Based upon the Court's *de novo* review of the record, the arguments and submissions of the parties, and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

**ORDER**

1. Defendant Katina Meropi Stamat's objections (Doc. No. [358]) to Magistrate Judge Leo I. Brisbois' November 20, 2020 Report and Recommendation are **OVERRULED**.

2. Magistrate Judge Leo I. Brisbois' November 20, 2020 Report and Recommendation (Doc. No. [357]) is **ADOPTED**.

3. Defendant's Motion to Suppress Evidence (Doc. No. [323]) is **DENIED**.

Dated:  January 26, 2021            s/Donovan W. Frank
                                    DONOVAN W. FRANK
                                    United States District Judge